**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KOPPERS, INC.,

                                        Case No. 2:09-cv-459

          Plaintiff,

   v.

ENERGY RESOURCES GROUP, INC.,

          Defendant.

**DEFENDANT/COUNTERCLAIM PLAINTIFF ENERGY RESOURCES**
**GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant/Counterclaim Plaintiff Energy Resources Group, Inc. ("ERG"), by its

undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves

for summary judgment as to all Counts of  Plaintiff's Complaint.  This case involves complex

engineering questions related to the operation and maintenance of a 60-year-old

Turbine/Generator.  Plaintiff/Counterclaim Defendant Koppers, Inc. ("Koppers") bears the

burden of proving the elements of its claims, which, given the subject matter at issue, necessarily

requires expert testimony.  Although Koppers has filed an expert report -- thus acknowledging

that it bears the burden of proof on its claims -- that report falls far short of supplying a sufficient

basis for the evidence and expert testimony that Koppers must offer on these matters in order for

a jury to return a verdict in its favor.  As such, ERG is entitled to summary judgment on all

Counts of Koppers' Complaint.

In support of its Motion, ERG avers as follows:

1.      This case is a dispute over inspection and repair work performed by ERG on a

Cogeneration Plant ("Co-Gen Plant") in Montgomery, Pennsylvania owned and operated by

Koppers.  The Co-Gen Plant burns railroad ties and utility poles in a specially-designed wood-

fired boiler, which produces steam used to turn a 10,000 kilowatt General Electric Turbine/Generator to generate electricity.  (Dkt 1, Complaint, ¶ 7;  Dkt 15, Answer, ¶ 7.)

2.      The Turbine/Generator is now over sixty (60) years old, and Koppers shuts down the Co-Gen Plant every five (5) years -- called an "outage" -- to allow for inspection, maintenance and repair of the Turbine/Generator.  (Dkt. 1, Complaint, ¶ 9; Dkt. 15, Answer, ¶ 9.)

3.      The 2008 outage ("2008 Outage"), like the outages in 1993, 1998 and 2003, was conducted by ERG.  (*Id.*)  ERG commenced inspection and repair work on the Turbine/Generator in October 2008 and completed its work on or about December 24, 2008. (Dkt. 1, Complaint, ¶ 15; Ex. A[1], Depo. Tr. of S. Gagne at 112:23-114:20.)

4.      In this lawsuit, Koppers alleges that ERG's inspection and repair work was deficient in several ways.

5.      Specifically, in its Complaint, Koppers alleges that "ERG's deficient repairs" caused five separate failures of the worm and ring gear that drive the main oil pump in the Turbine/Generator, and that "ERG was never able to diagnose or correct the circumstances that caused said failures."  (Dkt. 1, Complaint, ¶ 17(b).)

6.      Koppers further alleges in its Complaint that "ERG's failure to correctly diagnose and correct the alignment problems caused the Turbine/Generator to operate at a sling check run out that did not conform to manufacturer specifications," causing vibrations and bearing damage. (*Id.*, ¶ 17(a).)  Relatedly, Koppers further alleges in its Complaint that "beginning from the time ERG first opened the Turbine/Generator, the machine ran at high vibrations when in operation,"

---

[1] Pursuant to Local Rule 56(B)(3), ERG is filing herewith an Appendix of Documents ("Appendix"), which consists of relevant portions of the documents referenced in its Concise Statement of Material Facts.  ERG respectfully refers this Court to its Appendix for all documents cited herein.

and that "ERG was never able to diagnose the cause of the high vibrations that developed after ERG began work on the Turbine/Generator." (*Id.*, ¶ 17(c).)

7.    Koppers has asserted causes of action against ERG for breach of contract, breach of warranty and professional negligence. (*See id.*)

8.    Koppers has not paid ERG for any of the inspection and repair work it performed during the 2008 Outage; as a result, ERG has asserted a counterclaim to recover for the costs of those services rendered, which now exceeds $700,000, including interest. (*See* Dkt. 15, Counterclaim, ¶ 17.)

9.    On May 6, 2009, Koppers filed a Certificate of Merit, in which it alleged that "an appropriate licensed professional had [sic] supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised by Energy Resources Group, Inc. in the practice or work that is the subject of the Complaint fell outside acceptable professional standards, and that such conduct was a cause in bringing about the Plaintiff's harm." (Dkt. 6, Certificate of Merit.)

10.    In support of its claims, on August 2, 2010, Koppers' filed an expert report ("Report") prepared by its sole liability expert, Howard A. Kuhn, Ph.D., P.E., FASM.

11.    Dr. Kuhn's Report fails to address numerous issues that Koppers must establish in order to meet its burden of proof on its causes of action. Namely, and as more fully set forth in ERG's Brief in Support of its Motion for Summary Judgment, which is being filed simultaneously herewith:

    a.    Dr. Kuhn does not opine as to the standard of care applicable to ERG's work, an element required to support Koppers' professional negligence claim.

      b.      Dr. Kuhn also does not point to any failure on the part of ERG, whether by act or omission, that constitutes an alleged breach of contract, breach of warranty, breach of the professional standard of care, which are elements required to support these claims.

      c.      Dr. Kuhn's Report also does not opine that any conduct (or omission) of ERG caused any of Koppers' alleged damages.

      d.      For the issues on which Dr. Kuhn does opine, he fails to state his opinion to the degree of certainty required for a competent expert opinion.

(Ex. D, Report.)

12.      Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

13.      "As a general matter, expert testimony is needed [under Pennsylvania law] where understanding the subject matter calls for special skill and training beyond the ken or knowledge of a layperson." *Prell v. Columbia Sussex Corp.*, 2008 WL 4646099, *6 (E.D. Pa., Oct. 20, 2008), citing *Young v. Dept. of Transp.*, 560 Pa. 373, 376-77, 744 A.2d 1276, 1278 (2000).

14.      Expert testimony is required with respect to the issues in this case upon which Koppers bears the burden of proof, as the operation of a turbine and generator, the mechanical and metallurgical analysis involved, the alignment of a coupling, the cause of any alleged misalignment and the consequences thereof, including any vibration and bearing damage, all require special skill and training not common to the ordinary person and beyond the ken or knowledge of a lay person.

15.     Since Koppers has not designated an expert or proffered an expert report on any of these issues, it is precluded from offering expert testimony on the issues and thus cannot adduce at trial sufficient evidence essential to its case, such that a jury could return a verdict in its favor on any of its claims.  *See* Fed.R.Civ.P. 26(a)(2) (stating that all expert witnesses must be disclosed, which disclosure must be accompanied by a written report, signed by the expert, containing, *inter alia*, all of the opinions the witness will express and the basis and reasons for them) and Fed.R.Civ.P. 37(c)(1) (providing that where a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness to supply evidence at trial, unless the failure was substantially justified or harmless).

16.     Accordingly, ERG is entitled to summary judgment on all of Koppers' claims, as matter of law.  In addition, and as set forth more fully in ERG's Brief in Support, ERG is entitled to summary judgment as to the portion of all of Koppers' claims that relates to the alleged coupling alignment issue, as there is no dispute of material fact on that issue, and thus ERG is entitled to judgment as a matter of law.

WHEREFORE, Defendant/Counterclaim Plaintiff Energy Resources Group, Inc. respectfully requests summary judgment in its favor as to all Counts of the Complaint.


Dated:  September 2, 2010                          BUCHANAN INGERSOLL & ROONEY PC



                                                  By:  */s/ Jordan M. Webster*
                                                       Stanley J. Parker (Pa. I.D. #66013)
                                                       Jordan M. Webster (Pa. I.D. #200715)
                                                       One Oxford Centre, 20th Floor
                                                       301 Grant Street
                                                       Pittsburgh, PA  15219
                                                       412-562-8800 (phone)

412-562-1041 (fax)
stanley.parker@bipc.com
jordan.webster@bipc.com

Stephen H. Roberts, Esquire
(Admitted *pro hac vice*)
Hoefle, Phoenix, Gormley & Roberts P.A.
402 State Street, P.O. Box 4480
Portsmouth, NH 03802-4480
(603) 436-0666
sroberts@hpgrlaw.com